PIERCE v. CLEVELAND MOTOR CAR CO.

(Supreme Court, Appellate Term. November 24, 1908.)

CONTRACTS (§ 350*)—ACTION FOR BREACH—EVIDENCE.

In an action for breach of contract to return a deposit on the purchase price of an automobile upon its test proving unsatisfactory to the buyer, evidence held not to support a judgment for defendant.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 350.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by William L. Pierce against the Cleveland Motor Car Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Charles Benner, for appellant.

Headley M. Greene, for respondent.

PER CURIAM. In a written agreement signed by both parties respecting the sale of an automobile it was provided:

"This contract is made and deposit given with the understanding that the deposit will be returned on demand and contract canceled unless a satisfactory test to the purchaser is given when wanted."

Repeated tests were given without giving satisfaction—it is hardly claimed that the results would be satisfactory to any one—and the agreement was treated as canceled by both parties. To excuse the failure to return the money in compliance with the agreement, the treasurer and general manager of the defendant (who verified the answer, not only denying the agreement, but also alleging an express agreement conflicting therewith) testified that, after the plaintiff had demonstrated to him unmistakably that he was not satisfied with the car and had written a letter wanting his deposit back, he called upon the defendant "at his office to see if we could not switch him"; that is, induce him to buy another car. He claims that he induced the plaintiff to agree to buy another car and allow the $500 to be kept as a deposit upon that; but it was practically shown upon his own testimony that the terms of the proposed agreement as to another car were not arrived at, that they were to be reduced to writing, and that it was never entered into. The judgment should be reversed.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.